**Order entered February 13, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00470-CV

**JOHN DOE I, INDIVIDUALLY AND AS NEXT FRIEND OF JOHN DOE II, A MINOR, Appellants**

**V.**

**RIPLEY ENTERTAINMENT, INC. AND JIM PATTISON U.S.A., INC., Appellees**

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-15-07174**

## ORDER

Before the Court is the parties' joint motion to abate the appeal. The parties explain that, after granting summary judgment in favor of the corporate defendants, on March 26, 2018, the trial court signed a final judgment disposing of the individual defendants. Thereafter, settlement was reached between the plaintiffs and the individual defendants. After the March 26 judgment, two timely motions for new trial and an amended joint motion to vacate the judgment were filed. By order signed on May 31, 2018, while the trial court still retained plenary power, the trial court vacated the final judgment and reinstated the cause "for further proceedings consistent with the Amended Joint Motion to Vacate the Judgment." However, as of this date, no further

proceedings have occurred. The parties ask us to abate the appeal to allow the trial court to sign a final judgment.

We **GRANT** the parties' joint motion as follows. We **ORDER** the parties to have filed, **WITHIN THIRTY DAYS** of the date of this order, a supplemental clerk's record containing a final judgment. Because the record filed with this Court shows the March 26 judgment is the final judgment, the supplemental clerk's record shall also contain: (1) Defendant Alexander Anderson's Motion for New Trial filed on April 25, 2018; (2) Defendants' Motion for New Trial filed by William and LeVonna Anderson on April 25, 2018; (3) Joint Motion to Vacate Judgment filed on May 30, 2018; (4) Amended Joint Motion to Vacate Judgment filed on May 31, 2018; and (5) Agreed Order Granting Amended Joint Motion to Vacate Judgment signed on May 31, 2018. As this Court generally has jurisdiction only over appeals from final judgments, we caution the parties that failure to file a supplemental clerk's record as ordered may result in dismissal of the appeal for want of jurisdiction. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).

Also before the Court is appellees' February 11, 2019 unopposed motion for an extension of time to file a brief. Because the clerk's record is not yet complete, we **DENY** appellees' motion as premature.

We **DIRECT** the Clerk of this Court to send a copy of this order to the Honorable Bonnie Goldstein, Presiding Judge of the 44th Judicial District Court; Ms. Pitre; and all parties.

We **ABATE** this appeal to allow the trial court an opportunity to sign a final judgment. The appeal will be reinstated in forty days or when the requested supplemental clerk's record is filed, whichever occurs sooner.

/s/     ERIN A. NOWELL
        JUSTICE